# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES STANLEY WILLIAMS, | ) | 1:07-cv-01881 LJO DLB HC |
| Petitioner, | ) | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | ) | |
| FELEKER, | ) | [Doc. 1] |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on December 3, 2007, challenging a 1987 conviction for sodomy and oral copulation by the Kern County Superior Court.

## DISCUSSION

As noted above, the instant Petition was filed on December 3, 2007, after the enactment of the AEDPA. The AEDPA amendments altered both the procedural and substantive aspects of federal habeas law. See In re Minarik, 166 F.3d 591, 599-600 (3rd Cir.1999) (considering procedural and substantive retroactivity separately); Pratt v. United States, 129 F.3d 54, 57 (1st Cir.1997) (observing AEDPA contains both aspects).

Prior to the enactment of the AEDPA, federal courts denied a second or successive petition if the Government could demonstrate that the petition constituted an abuse of the writ.

1

See McCleskey v. Zant, 499 U.S. 467, 494, 111 S.Ct. 1454 (1991).  Courts excused an abuse of the writ only if:  (1) the applicant could establish cause and prejudice--i.e., that "some objective factor external to the defense impeded counsel's efforts" to raise the claim earlier and that "actual prejudice result[ed] from the errors of which he complain[ed,]" id. at 493-94, 111 S.Ct. 1454 (internal quotation marks and citations omitted); or (2) the applicant could demonstrate that "a fundamental miscarriage of justice would result from a failure to entertain the claim." Id.   The AEDPA, however, replaced the abuse-of-the writ doctrine articulated in McCleskey.

Under AEDPA's new "gatekeeping" provisions, an applicant seeking to file a second or successive petition must obtain from the appropriate court of appeals an order authorizing the district court to consider the application.  28 U.S.C. § 2244(b)(3)(A).  Section 2244(b)(1) provides:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless-
>
>    (A) the applicant shows that the claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
>    (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
>      (ii) the facts underling the claim, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A)-(B).

In the instant petition, Petitioner raises the following claims: 1) the prosecution failed to disclosed favorable evidence; (2) he was denied the right to confront his accuser and witnesses; and (3) he was denied DNA testing under California Penal Code section 1405.  (Petition, at 5.)

Petitioner has previously filed two prior habeas corpus actions in this Court challenging his 1987 conviction in Kern County Superior Court.  The Court takes judicial notice of the

docket in case no. CV F 93-5508 REC DLB P, which indicates that the prior federal petition was filed by Petitioner on February 10, 1993.  CV-F 93-5508 REC DLB P.  Judgment was entered on June 26, 2001, and the Ninth Circuit Court of Appeals affirmed on July 11, 2002.  Id.; Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993); see also Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.) (Judicial notice may be taken of court records); MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th cir. 1980).  There, the Court addressed the following ineffective assistance of counsel claims: (1) counsel failed to communicate the terms of a plea offer because it was withdrawn; (2) failed to interview "crucial" witnesses; (3) failed to secure the attendance of two defense witnesses; (4) force compliance with discovery requests; (5) adequately research and investigate the law and facts; (6) present any defense at all; and (7) file appropriate motions.

In addition, Petitioner filed another action in this Court on May 23, 2003, CV-F 03-5675 REC SMS HC, in which Petitioner raised the following ineffective assistance of counsel claims: (1) counsel failed to convey a plea offer before it was withdraw; (2) failed to put forth any affirmative defense; (3) failed to comply with discovery; (4) failed to secure attendance of witnesses, and (5) failed to present any statement or evidence regarding the hair folical [sic] found.  Petitioner repeated claims 1, 3,4, and 6.  However, Petitioner raised an additional claim that counsel failed to present any statement or evidence regarding hair follicle.  This action was dismissed on June 18, 2004, as successive, as Petitioner did not seek permission to file a second or successive petition from the Ninth Circuit Court of Appeals.  See CV-F 03-5675 REC SMS HC, Court Docs. 9, 10.

Although the instant petition raises different claims than the prior two petitions, Petitioner has again failed to indicate whether he has sought and been granted permission to file a second or successive petition from the Ninth Circuit Court of Appeals.  28 U.S.C. 2244(B)(3)(A) (before a second or successive petition is filed in the District Court, petitioner must first seek from the appropriate court of appeals, an Order authorizing the district court to consider the application.) Consequently, the instant petition must be DISMISSED, as successive.

RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that the instant petition for writ of habeas corpus be DISMISSED as successive.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   February 27, 2008                             /s/ Dennis L. Beck
                                              UNITED STATES MAGISTRATE JUDGE